# IN THE UNITED STATES DISTRICT COURT

FOR THE __EASTERN__ DISTRICT OF TEXAS

__PLANO__ DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
JUL - 1 2015
DAVID J. MALAND, CLERK
BY_____
DEPUTY

## PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| | |
|---|---|
| __SHAHRAM SHAKOURI__ | __JAMES A. LYNAUGH UNIT OF TDCJ-ID__ |
| PETITIONER | CURRENT PLACE OF CONFINEMENT |
| (Full name of Petitioner) | |
| vs. | __TDCJ-ID #1558021__ |
| | PRISONER ID NUMBER |
| __WILLIAM STEPHENS, Director__ | 4:15cv447 |
| RESPONDENT | CASE NUMBER |
| (Name of TDCJ Director, Warden, Jailor, or authorized person having custody of Petitioner) | (Supplied by the District Court Clerk) |

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

## PETITION

**What are you challenging?** (Check all that apply)

- ☒ A judgment of conviction or sentence, probation or deferred-adjudication probation. (Answer Questions 1-4, 5-12 & 20-25)
- ☐ A parole revocation proceeding. (Answer Questions 1-4, 13-14 & 20-25)
- ☐ A disciplinary proceeding. (Answer Questions 1-4, 15-19 & 20-25)
- ☐ Other: _____ (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
Note: In answering questions 1-4, you must give information about <u>the conviction for the sentence you are presently serving</u>, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: __219th Judicial District Court of Collin County, Texas__

2. Date of judgment of conviction: __January 29, 2009__

3. Length of sentence: __23 Years in TDCJ-ID__

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: __219-80595-07__

-2-

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.     What was your plea? (Check one)   ☒ Not Guilty   ☐ Guilty   ☐ Nolo Contendere

6.     Kind of trial: (Check one)   ☒ Jury   ☐ Judge Only

7.     Did you testify at trial?   ☐ Yes   ☐ No

8.     Did you appeal the judgment of conviction?   ☒ Yes   ☐ No

9.     If you did appeal, in what appellate court did you file your direct appeal? <u>Fifth District Court of Appeals of Texas</u>   Cause Number (if known): <u>05-09-00158-CR</u>

       What was the result of your direct appeal (affirmed, modified or reversed)? <u>affirmed</u>

       What was the date of that decision? <u>August 30, 2010</u>

       If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

       Grounds raised: <u>Unknown</u>

       Result: <u>PDR Refused</u>

       Date of result: <u>April 6, 2011</u>   Cause Number (if known): <u>PD-0122-11</u>

       If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

       Result: <u>N/A</u>

       Date of result: <u>N/A</u>

10.    Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.   ☒ Yes   ☐ No

11.    If your answer to 10 is "Yes," give the following information:

       Name of court: <u>Texas Court of Criminal Appeals</u>

       Nature of proceeding: <u>Post-conviction writ of habeas corpus</u>

       Cause number (if known): <u>F0916778</u>

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court: __July 11, 2012__

Grounds raised: __Ineffective assistant of counsel; violation of due process when State representatives planted evidence to be recovered; due process violation in withholding exculpatory evidence__

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: __Texas Court of Criminal Appeals__

As to any second petition, application or motion, give the same information:

Name of court: __N/A__

Nature of proceeding: __N/A__

Cause number (if known): __N/A__

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court:
__N/A__

Grounds raised: __N/A__

Date of final decision: __N/A__

What was the decision? __N/A__

Name of court that issued the final decision: __N/A__

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?    ☐ Yes    ☒ No

   (a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: __N/A__

   (b) Give the date and length of the sentence to be served in the future: __N/A__

(c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?  ☐ Yes  ☒ No

**Parole Revocation:**

13. Date and location of your parole revocation: _____

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?  ☐ Yes  ☐ No

    If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon?
    ☐ Yes  ☐ No

16. Are you eligible for release on mandatory supervision?  ☐ Yes  ☐ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:
    _____

    Disciplinary case number: _____

    What was the nature of the disciplinary charge against you? _____

18. Date you were found guilty of the disciplinary violation: _____

    Did you lose previously earned good-time days?  ☐ Yes  ☐ No

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:
    _____

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
    _____
    _____
    _____

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
    ☐ Yes  ☐ No

    If your answer to Question 19 is "Yes," answer the following:

    Step 1 Result: _____

Date of Result: _____

Step 2  Result: _____

Date of Result: _____

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A.  **GROUND ONE:** TRIAL COUNSEL WAS INEFFECTIVE AND THUS PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL

   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
   (A) Trial counsel failed to file a motion to supporess regarding seizure of the computer and flash drives without probable cause;
   (B) Trial counsel failed to object to admission of pornographic movies and photos pursuant to the Rules of Evidence thereby waiving that objection and error for appellate review;
   (C) Trial counsel failed to demand that the State make an election as to the specific offense upon which it would rely for conviction;
   (D) Trial counsel failed to request an application on the lesser-included offense of sexual assault;
   (E) Trial counsel did not attempt to limit admission of evidence
   Continued on next page 6a....

B.  **GROUND TWO:** PETITIONER WAS DENIED DUE PROCESS OF LAW WHEN THE STATE AND ITS REPRESENTATIVES PLANTED EVIDENCE TO BE RECOVERED PURSUANT TO A SUBSEQUENTLY ISSUED SEARCH WARRANT FOR THE PLANTED EVIDENCE.

   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
   A person working as a confidential informant for the Collin County District Attorney's Office at the time, conspired with Petitioner's wife to ensure the conviction of Petitioner. Evidence consisting of "sex toys," was, with the foreknowledge of the State, physically planted in the home of the Petitioner. Additionally, pornographic images depicting anal sex were planted on Petitioner's flash drive, found in his computer bag. Subsequently, information concerning these items and their location was provided to the prosecution enabling the State to seek and obtain a search warrant for those "sex toys" and pornographic images. Those items were later seen at trial, portraying Petitioner as the one who owned and used them.

   (See Memorandum of Law in Support, attached)

-6-

that Petitioner threatened to kill the complainant on November 28, 2006, which was an extraneous offense but which the State offered to prove an element of the charged offense;

(F) Trial counsel failed to object to improper voir dire by the prosecutor which placed before the jury unsworn and unqualified opinions regarding effects of long-term abuse, battered women's syndrome, and forensic testing.

(See Memorandum of Law in Support, attached)

C. **GROUND THREE:** <u>PETITIONER WAS DENIED DUE PROCESS OF LAW BECAUSE THE STATE IS IN POSSESSION OF EVIDENCE WHICH WAS EXCULPATORY AND DID NOT REVEAL ITS POSSESSION OF THAT EVIDENCE TO THE DEFENSE AT TRIAL.</u>

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): <u>As a part of its evidence gathering procedures in this case, the Prosper Police Department seized Petitioner's cell phone. That cell phone was never returned to Petitioner, nor was it given to his attorney. That phone, however, contained exculpatory evidence in the form of text messages corroborating Petitioner's statement that the victim in this case was engaged in an extortion scheme the purpose of which was to cause Petitioner to pay her money and to continue her residence in the United States.</u>

(See Memorandum of Law in Support, attached)

D. **GROUND FOUR:** <u>THERE IS NEWLY AVAILABLE EVIDENCE THAT THE STATE USED PERJURED TESTIMONY TO SUPPORT THE CONVICTION.</u>

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): <u>Mahammad R. Manteghinezhad, acted as the translator for Mr. Curtis Howard, in his dealings with the Complainant, Afsaneh Shakouri. Manteghinezhad has filed an affidavit detailing how the Complainant committed perjury during the trial of the case. Additionally, Manteghinezhad's affidavit show that the Complainant conspired to plant evidence against Applicant which was used against him, and that she tampered with other evidence.</u>

(See Memorandum of Law in Support, attached)

21. Relief sought in this petition: <u>Petitioner is actually innocent of the alleged charges of the complainant. Petitioner seeks that the criminal charges against him be dismissed and that he be remanded to the trial court with instruction for an acquittal in this cause. In the alternative, Petitioner seeks that this cause be remanded to the trial court with an order for a new trial.</u>

-7-

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition? ☐Yes ☒No
If your answer is "Yes," give the date on which <u>each</u> petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

<u>                                N/A                                  </u>

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)? ☐ Yes ☐ No N/A

23. Are any of the grounds listed in question 20 above presented for the first time in this petition? ☐ Yes ☐ No

If your answer is "Yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

<u>                                N/A                                  </u>

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging? ☒ Yes ☐ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. <u>An art. 11.07 application is pending in the Texas Court of Criminal Appeals, but Petitioner has only 5 days in which to get his §2254 application timely filed so he is before the Court seeking timely filing.</u>

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a)    At preliminary hearing: <u>William Burdock</u>

    (b)    At arraignment and plea: <u>William Burdock</u>

    (c)    At trial: <u>William Burdock</u>

    (d)    At sentencing: <u>William Burdock</u>

    (e)    On appeal: <u>Toby Shook and Sue Korioth</u>

    (f)    In any post-conviction proceeding: <u>John G. Jasuta</u>

(g) On appeal from any ruling against you in a post-conviction proceeding: __Pro Se__

**Timeliness of Petition:**

26. If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

_____N/A_____

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on _____June 29, 2015_____ (month, day, year).

Executed (signed) on _____June 29, 2015_____ (date).

_____
Signature of Petitioner (**required**)

Petitioner's <u>current</u> address:    James A. Lynaugh Unit
1098 S. Highway 2037
Fort Stockton, Texas 79735

-10-