IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SHAHRAM SHAKOURI, | § | |
| Petitioner, | § | |
| Vs. | § | CIVIL ACTION NO: 4:15-CV-447 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Respondent | § | |

**PETITIONER'S RESPONSE IN SHOW CAUSE WHY THIS CASE SHOULD PROCEED IN THE INTEREST OF JUSTICE ON THE MERITS AND NOT BE TIME BARRED**

**STANDARD OF REVIEW:**

Before acting on its own initiative to dismiss a State Prisoner's habeas Petition as untimely, a Court must accord the parties fair notice and an opportunity to present their positions; the Court must assure itself that the Petitioner is not significantly prejudiced by the delay focus on the limitation issue, and determine whether the interest of Justice would be better served by addressing the merits or by dismissing the Petition as time-barred. 28 U.S.C.A. §2244(d)(1)(A). **Day v. McDonough**, 547 U.S. 198, 210, 126 S.ct. 1675 (2006). See also **Granberry**, 481 U.S. at 136.

### Relevant Facts

In the light of newly discovered evidence obtained after the trial, it became sufficiently clear that Petitioner was wrongfully convicted on January 29, 2009.

The Prosecution secured an unlawful conviction based on perjured testimonies, and tainted evidence, in a trial which was inundated with Brady violations, illegal search and seizure, ineffective assistance of Counsel, and Prosecutorial misconduct. See Petitioner's exhibit "A" Supplemental to Grounds One, Two and Four, for more information.

Page 1

Petitioner's appellate attorneys timely filed his direct appeal. On August 30, 2010, the Court of Appeals Fifth District of Texas at Dallas affirmed the Judgment of the trial Court in most part because the appellate attorneys raised the issue of ineffective assistance of trial counsel, but failed to furnish the court with an affidavit from the trial attorney. See Petitioner's exhibit "A" Supplemental pleading to Ground One. See also **Triveno v. Thaler**, 133 S.ct. 1191 (2013), and **Martinez v. Ryan**, 132 S.ct. 1309 (2012).

The Court of Criminal Appeals of Texas refused to hear Petitioner's Discretionary Review on April 6, 2011. Petitioner's habeas attorneys filed his Writ of habeas corpus on June 29, 2012; with five (5) days remaining in AEDPA's Statute of Limitations. The Writ was filed on July 2, 2012 according to the Court's Docket Sheet. See exhibit "B". See also exhibit "C", habeas attorney's affidavit indicating that the Writ application was filed on June 29, 2012. See also exhibit "D" the first page of the habeas application showing it was filed on July 2, 2012. The Court's finding that the habeas application was filed on July 11, 2012 is not correct.

Petitioner filed his writ of habeas corpus with this Honorable Court seeking a timely filing on July 1, 2015, while he anticipated a decision from the Court of Criminal Appeals. The C.C.A denied Petitioner's writ of habeas corpus without a written order on August 19, 2015. Petitioner is properly before this Court.

### Argument & Authorities

In **Day v. McDonough**, Supra, the Supreme Court held: "the Court must assure itself that the Petitioner is not significantly prejudiced by the delay focus on the limitation issue, and better served by addressing the merits or by dismissing the Petition as time-barred".

Petitioner relied on his experienced and professional habeas attorneys Honorable John Jasuta and David Schulman to file his State writ of habeas corpus. Petitioner is reasonably certain that his counsels filed his State writ application in a timely manner.

Even if the Petitioner's counsels failed to file his State habeas corpus; Petitioner will be significantly prejudiced if his Petition is

dismissed as time-barred, for the following reasons:

(1) Petitioner is actually innocent of this crime for which he has been convicted and confined in prison, especially, in the light of new evidence discovered **after** the trial. The new discoveries suggest that, "it is more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt." **Schlup v. Delo**, 513 U.S. 298, 319-322 (1995). See Petitioner's exhibit "A" Supplemental to Grounds Two and Four.

(2) Petitioner's trial attorney was grossly ineffective for the reasons that:
(a) Counsel failed to file a Motion to Suppress regarding illegal seizure of the computer and flash drives without probable cause.
(b) Counsel failed to object to admission of pornographic movies and photos pursuant to Rule 404(b), thereby waiving that objection.
(c) Counsel failed to demand that State make an election as to the specific offense upon which it would rely for conviction.
(d) Counsel failed to request an application on the lesser-included offense of second degree sexual assault.
(e) Counsel did not attempt to limit admission of evidence that Petitioner threatened to kill the Complainant on November 28, 2006, which was an Extraneous offense but which the State offered to prove an element of the charged offense.
(f) Counsel failed to object to improper Vior Dire by the prosecutor which placed before the jury unsworn and unqualified opinions regarding effects of long-term abuse battered women's syndrome, and forensic testing.
See Petitioner's writ of habeas corpus already in the records of this court. See also **Strickland v. Washington**, 466 U.S. 668; and **U.S. v. Bass**, 310 F.3d 321 (5th Cir. 2002).

(3) Petitioner was denied the due process of law when the Complainant and her son planted evidence to be recovered pursuant to a subsequently issued search warrant for the planted items. See Petitioner's exhibit "A" Supplemental to Ground Two.

The manufacturing of evidence and the State's use of that evidence along with perjured testimony to obtain [defendant's] wrongful conviction indisputably denied him rights secured by the due process clause.

Page 3

Castellano v. Fragozo, 352 F.3d 939, 955 (5th Cir. 2003). See also Napue v. Illinois, 360 U.S. 264, 269.

(4) Petitioner was denied the due process of law when the prosecution intentionally withheld exculpatory evidence favorable to defense. The prosecutor deliberately refused to disclose any information about its chosen interpreter and agent who had crucial, highly significant, and material information helpful to defense.

Mohammad R. Manteghinezhad (M.M), who was chosen as a translator for the Complainant in her dealings with the State's Attorney, Curtis Howard, has filed an affidavit detailing how the Complainant committed perjury during the trial of this case. Additionally M.M.'s testimony show (1) that the Complainant conspired to plant evidence, (2) tamperred with evidence, (3) that the Complainant fabricated information, (4) lied to the jury under oath, (5) that Complainant told him nothing but lies, (6) that the flash drive found in Petitioner's laptop bag was planted by Complainant's son, (7) that the Complainant was giving conflicting statements to the prosecutor, (8) that Complainant planted evidence "in the closet to be somewhat easily detected by agents," (9) that the Complainant confessed that she married the Petitioner so she would be able to live in the United States, and (10) that she admitted that she like to be a con artist. See M.M.'s affidavit attached to Petitioner's writ of habeas corpus as exhibit "A". See also Petitioner's Supplemental pleading to Ground Four.

As it is evident from the content of M.M.'s affidavit, the State failed to disclose to defense, crucial information that was "material" to "guilt or punishment" of the Petitioner.

Prosecution's suppression of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment. Brady v. Maryland, 373 U.S. 83 (1963). See also Kyles v. Whitley, 115 S.ct. 1555 (1995).

The State's failure to assist the Petitioner by disclosing the aforementioned information further deprived the Petitioner from his Constitutional right to cross-examination; violated his right to due process of law; and divested him of a fair and impartial trial.

Constitutional error occurs, and conviction must be reversed,

Page 4

only if evidence is material in sense that its suppression undermines confidence in outcome of trial. United States v. Bagley, 105 S.ct. 3375 (1985).

No reasonable jury would have convicted the Petitioner had the State given them an opportunity to listen to M.M.'s testimony to learn that accusations against the Petitioner were outrageous lies from the beginning, that the Complainant and other witnesses committed perjury, and the evidence used to ultimately convict him was planted in his home by the Complainant and her son.

Evidence withheld by government is "material", as would require reversal of conviction, only if there is reasonable probability that, held evidence been disclosed to defense, result of proceeding would have been different. U.S. v. Bagley, Supra. Id., at 3379.

(5) **Petitioner's direct appeal counsels were ineffective:** In Evitts v. Lucey, 105 S.ct. 830 (1985), the Supreme Court held: "Due process clause of the Fourteenth Amendment guarantees a criminal defendant the effective assistance of counsel on his first appeal as of right.

Petitioner's appellate counsels Toby Shook and Sue Korioth were ineffective because they, (a) failed to designate the record, (b) failed to resolve the conflict of interest, and (c) failed to raise meritorious issues.

(a) **Counsels failure to designate the record:** The Court of Appeals, Fifth District of Texas rejected Petitioner's claim of ineffective assistance of counsel, because the direct appeal counsels failed to provide the court with an affidavit from the trial counsel. The court held: "Here, we do not have an adequate record to review appellant's claim of ineffectiveness. The record before us is devoid of evidence from trial counsel himself."

In Trevino v. Thaler, Supra, the Supreme Court held: "Texas did not afford meaningful review of an IATC claim. Where a State procedural framework, by reason of its design and operation, made it highly unlikely in a typical case that a defendant would have a meaningful opportunity to raise an IATC claim on direct appeal, a procedural default would not bar a federal habeas court from hearing a substan-

tial IATC claim, if in the initial review collateral proceeding, there was no counsel or counsel in the proceeding, was ineffective." See Petitioner's exhibit "A", Supplemental to Ground One.

As it can be observed from the Supreme Court ruling in Trevino, Petitioner did not have a meaninful appellate review on his direct appeal. On the other hand the Texas Court of Criminal Appeals denied his writ of habeas corpus without a written order, while "the court" was on summer recession. Suggesting that in all likelihood. Petitioner's meritorious claims including his claim of IATC was not review by the C.C.A. either.

Thus, Petitioner's writ of habeas corpus in this honorable court is his only opportunity to present his cognizable claims, to challenge his wrongful conviction, and to prove his innocence. Petitioner will be significantly prejudiced if this court dismisses his petition as time-barred.

(b) **Conflict of interest.**

While preparing Petitioner's direct appeal, appellate counsel Ms. Sue Korioth accepted a position as an Assistance Criminal District Attorney, for Kaufman County. Thereby, created a conflict of interest.

In Smith v. Robbins, 120 S.ct. 746 (2000), the Supreme Court held: "under Strickland, three categories of cases in which Supreme Court presumes prejudice rather than requiring a defendant to demonstrate it: (1) in a case of denial of counsel; (2) cases involving various kinds of State interference with Counsel's assistance; and (3) cases when counsel is burdened by an actual conflict of interest. See Petitioner's exhibit "A", Supplemental to Ground One for more information.

(c) **Failure to raise meritorious issues.**

The Prosper Police execution of search and seizure was in violation fo the 4th Amendment "knock-and-announce" requirement. The trial attorney and the appellate counsels were ineffective, because they failed to object to illegality of search and seizure. See Wilson v. Arkansas, 115 S.ct. 1914 (1998).

The trial attorney further failed to object to illegal seizure of the computer and flash drives under the particularity of warrants. The Fourth Amendment requires that police action in the execution of

warrant be related to the objectives of the authorized intrusion.

Petitioner's computer and flash drives were **not** on the list of items to be seized. Their illegal seizure without a probable cause, therefore, (1) exceeded the scope of the search warrant, (2) violated particularity requirement of the Fourth Amendment, and (3) rendered the seized items as tainted evidence, and inadmissible. Because they were directly or indirectly obtained by illegal means. See **Md. v. Garrison**, 547 U.S. 79, 84 (1987). See also Petitioner's exhibit "A" Supplemental to Ground One.

Ineffective claim granted where trial and appellate counsels failed to raise meritorious Fourth Amendment claim. **Joshua v. Dewitt**, 341 F.3d 430, 449 (6th Cir. 2003). See also **Gentry v. Sevier**, 597 F.3d 838, 851-52 (7th Cir. 2010).

(6) **Prosecutorial Misconduct.**

Prosecutorial misconduct may constitute a denial of due process if the trial was rendered fundamentally unfair as a result. See **Darden v. Wainwright**, 106 S.ct. 2464 (1998).

The prosecuting attorney's misconduct in the case at bar, rendered the trial fundamentally unfair, and deprived the Petitioner the right to a full and fair opportunity to litigate; for the reasons that: (1) the prosecution intentionally withheld from defense entirely any information about its interpreter (M.M.), knowing that M.M. had exculpatory information that could have changed the outcome of the trial; (2) disclosed untruthful statement to the jury that the Petitioner was still married to his first wife, when he married the Complainant[1], (3) lied to the court, claiming in his affidavit that Petitioner changed the locks to his house; (4) misled the court, claiming in his falsified affidavit that the evidence were collected from Petitioner's home a year earlier; (5) violated Petitioner's 4th Amendment rights by hacking into his email account without a search warrant or a court order; (6) extorted about $2,000.00 from the Petitioner to allegedly pay for the interpreter service; (7) made improper comment about Petitioner, and (8) committed fraud upon the court. See Petitioner's exhibit "A" Supplement to Ground One.

---

1. Judge Lisa Beebe divorced Petitioner from his first wife on October 28, 2005. Petitioner married the Complainant in January of 2006. Judge Beebe's order is attached to Petitioner's objections to the State Answer as exhibit "A"

Had the Jury known that the lead prosecutor was intentionally lying to them to convict an innocent man, there is a reasonable probability the verdict would have been different.

Some Constitutional violations.... by their very nature case so much doubt on the fairness of the trial process that, as a matter of law, they can never be considered harmless. **Satterwhite v. Texas**, 486 U.S. 249, 257, 108 S.ct. 1729 (1998).

In summary, when this entire discourse is seen in its true light it becomes as clear as the sun in the midday that (1) prosecutorial misconduct, (2) State's errors, (3) perjured testimonies, (4) manufactured evidence, (5) ineffective assistance of trial counsel, (6) Brady violations, (7) illegal search and seizure, (8) fraud upon the court, and (9) a web of lies resulted in rendition of improper and unfair verdict. Because, "(1) the statements in question are actually false; (2) the prosecution knew that the statements were false; and (3) the statements were material." **United States v. O'Keefe**, 128 F.3d 885, 893 (5th Cir. 1997).

Additionally, Texas appellate process by reason of its design and operation, and ineffectiveness of appellate attorney's made it virtually impossible for the Petitioner to have a meaningful appeal. Moreover, the Court of Criminal Appeals denied Petitioner's writ of habeas corpus; but failed to articulate its reasoning.

In this regard, the 6th Circuit in **Harris v. Stovall**, 212 F.3d 940 (2000), held, where a State Court fails to articulate its reasoning, "federal habeas courts are obligated to conduct an independent review of the record and applicable law to determine whether the State court decision is contrary to federal law, or is based on an unreasonable determination of the facts in light of the evidence presented." Id., at 493.

## Prayer

Petitioner comes before this court with clean hands and a hope, a hope that justice still exisits in American Jurisprudence, and that he is going to receive a full and fair review of his claims. Petitioner presents prima facie evidence in the form of an affidavit of M.M. and that is all that is needed to support a case before the the court. **U.S. v. Kis** 658 F.2d 526 S.ct. (1982). A evidentiary hea-

ring must be had to afford due process of law worthy of the Constitutional mandate of the 14th Amendment.

Petitioner prays for fairness and justice as is to be afforded every citizen of the United States, when the truth is laid bare for all to see, that truth shall set Petitioner free.

SO PRAYED on this ___ day of December, 2015.

Respectfully Submitted,

*Shahram Shakouri*
Shahram Shakouri
TDCJ-ID #1558021
James A. Lynaugh Unit
1098, South Hwy 2037
Ft. Stockton, Tx 79735

## Verification

I, Shahram Shakouri, TDCJ-ID #1558021, presently incarcerated at the James A. Lynaugh Unit of TDCJ-ID, declare under the penalty of perjury that the foregoing facts are true and correct.

*Shahram Shakouri*
Shahram Shakouri
Petitioner pro se