IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| SHARAM SHAKOURI, #1558021 | § | |
| VS. | § | CIVIL ACTION NO. 4:15cv447 |
| DIRECTOR, TDCJ-CID | § | |

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

Before the court is Petitioner Sharam Shakouri's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) (Dkt. #38). He argues that he is entitled to relief because he did not receive an evidentiary hearing in state court on his habeas case or in this court, which constitutes a defect in the integrity of the habeas proceedings. He claims that this court's failure to hold an evidentiary hearing was inconsistent with the Fifth Circuit's opinions issued in *Perillo v. Johnson*, 79 F.3d 441 (5th Cir. 1996) and *Valdez v. Cockrell*, 274 F.3d 941 (5th Cir. 2001). He further argues that reliance on defective findings by the state court and affidavits and conclusions of state attorneys constituted a fraud on the court. He goes on to repeat claims that have been considered on the merits and rejected by this court.

Background

Petitioner is in custody pursuant to a Collin County conviction for aggravated sexual assault, Cause Number 21980595-07. On January 23, 2009, after a jury trial, Petitioner was sentenced to twenty-three years of imprisonment. The conviction was affirmed. *Shakouri v. State*, No. 05-09-00158-CR, 2010 WL 3386598 (Tex. App. -Dallas 2010, pet. ref'd). Petitioner filed an application for a writ of habeas corpus in state court. On August 19, 2015, the Texas Court of Criminal Appeals denied the application without written order on findings of the trial court without a hearing.

The present petition for a writ of habeas corpus was filed on June 29, 2015. The petition contained three grounds for relief. On August 2, 2018, Magistrate Judge Christine A. Nowak issued a Report and Recommendation on the merits, recommending that the requested relief be denied. Petitioner filed two sets of objections. On September 24, 2018, the court adopted the Report and Recommendation and denied the petition.

The present motion (Dkt. #38) was filed on October 18, 2018. The Director filed a response (Dkt. #46) on April 22, 2019. Petitioner filed a reply (Dkt. #50) on May 28, 2019.

## Discussion and Analysis

A preliminary question for the court's consideration is whether Petitioner's motion is properly brought under Rule 60(b) or if it is a successive petition for habeas relief under 28 U.S.C. § 2244. If a petition is a "second or successive petition," a district court cannot consider it without authorization from the Fifth Circuit under 28 U.S.C. § 2244(b)(2). *Tamayo v. Stephens*, 740 F.3d 986, 990 (5th Cir.), *cert. denied*, 571 U.S. 1171 (2014). A Rule 60(b) motion that (1) presents a new habeas claim, (2) attacks the federal court's previous resolution of a claim on the merits, or (3) presents new evidence or new law in support of a claim already litigated, should be treated as a second or successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). A Rule 60(b) motion is not successive if it attacks "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.* at 532.

The Director correctly observes that the Fifth Circuit elaborated on these rules further in *In re Edwards*, 865 F.3d 197 (5th Cir. 2017). The Fifth Circuit observed that Rule 60(b)(6) "is a catchall provision that allows a court to grant relief 'from a final judgment, order, or proceeding' for 'any other reason that justifies relief.'" *Id.* at 203. "To succeed on a Rule 60(b) motion, the movant must show: (1) that the motion be made within a reasonable time; and (2) extraordinary circumstances exist that justify the reopening of a final judgment." *Id.* (citing *Gonzalez*, 545 U.S. at 535). "Rule 60(b)(6) motions are not substitutes for timely appeals." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002).

The Fifth Circuit has regularly rejected Rule 60(b) motions that attack a federal court's previous resolution of a claim on the merits. *See Balentine v. Thaler*, 626 F.3d 842, 846 (5th Cir. 2010) ("A Rule 60(b) motion should be denied if it challenges on the merits an earlier denial of habeas relief.") (citation omitted); *Hall v. Stephens*, 579 F. App'x 282, 283 (5th Cir. 2014) ("A Rule 60(b) motion is not a proper mechanism to re-litigate the merits of the IAC claim and surely not a proper vehicle for doing so when the judgment from which [the movant] seeks relief has been confirmed on appeal (on the merits).") (citations omitted). A federal court has resolved the claim on the merits when

it has determined that there are no "grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *In re Edwards*, 865 F.3d at 204. This is in contrast to an allegation "'that a previous ruling which precluded a merits determination was in error - for example, a denial for such reasons as failure to exhaust, procedural default, or statute of limitations bar.'" *Id.* (quoting *Gonzalez*, 545 U.S. at 532 n.4). Rule 60(b) motions arguing "that the presence of new facts would have changed this court's original results" is a claim that "sounds in substance, not procedure." *In re Coleman*, 768 F.3d 367, 372 (5th Cir. 2014).

Petitioner argues that a Rule 60(b) motion is appropriate because the denial of an evidentiary hearing constitutes a defect in the integrity of the proceedings. He argues that the denial of a hearing in the state habeas proceedings means that the state court's findings are not entitled to a presumption of correctness and that he is entitled to a hearing in this court to better prove his claims. He also relies on *Perillo* to argue that because the trial judge and state habeas judge were not the same, the state habeas findings are not entitled to a presumption of correctness. The Director persuasively argues that this is not an alleged defect in the proceedings; instead, it is a request for this court to reconsider whether the state court's denial of relief was reasonable. The Director adds that this is exactly the type of attack on the court's previous resolution of the claims on the merits that is not proper under Rule 60(b). *In re Edwards*, 865 F.3d at 203.

The Director goes on to persuasively observe that Petitioner is incorrect regarding the law. Petitioner's reliance on *Perillo* is misplaced since *Perillo* is a pre-AEDPA case. *Perillo*, 79 F.3d 441.

By comparison, the Fifth Circuit's AEDPA case law is clear that deference to a state habeas court's factual determinations is not dependent upon the quality of a state court's evidentiary hearing. *See Valdez v. Cockrell*, 274 F.3d 941, 951 (5th Cir. 2001) ("a full and fair hearing is not a precondition to according § 2254(e)(1)'s presumption of correctness to state habeas court findings of fact nor to applying § 2254(d)'s standards of review."); *see also Bass v. Dretke*, 82 F. App'x 351, 354-55 (5th Cir. 2003) (unpublished) (holding that a state court's findings were entitled to deference even where the trial judge and the habeas judge were different and the state habeas fact-finding was done by affidavit). Again, *Perillo* is a pre-AEDPA case, and Petitioner's reliance on *Perillo* is misplaced.

Nonetheless, assuming *arguendo* that *Perillo* is still valid under AEDPA, the Director persuasively argues that it does not help Petitioner. The Director astutely observes that Petitioner seems to suggest that because there were dueling affidavits in his state habeas proceeding, the state court was obligated to afford him an evidentiary hearing. He claims that an adjudication of his case based on the papers filed with the court was insufficient because the state habeas judge did not have personal knowledge of the issues before him. Presumably, Petitioner means that the state habeas judge could not judge the credibility of the witnesses because he had no personal knowledge of their credibility from trial. But, the affidavits that Petitioner presents to support his claims are from witnesses who did not testify at trial. 1 RR 1-14. Furthermore, the affidavits are not credible on their face for the reasons addressed by the state habeas judge. SHCR-01 at 262-66.

With regard to the affidavits from the prosecution, the state habeas judge relied on the jury's credibility determinations (for the victim and her son) and his personal knowledge of the affiants (the two assistant district attorneys), to find four of the affidavits credible. *Id.* For the fifth prosecution affidavit, that of D.T., the habeas judge found her affidavit credible because it was consistent with the credible affidavits of the victim and one of the assistant district attorneys. *Id.* at 264. The credibility determinations are entitled to a presumption of correctness, and Petitioner has not overcome the findings with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The Director goes on to persuasively argue that Petitioner is asking this court to re-litigate whether the state court's decision was reasonable, which demonstrates that his Rule 60(b) motion is actually a successive petition.

4

The Director persuasively argues that Petitioner was not otherwise entitled to hearings on state habeas review or in this court, and the lack of such hearings is a typical circumstance, as opposed to an extraordinary circumstance, as required under Rule 60(b). *In re Edwards*, 865 F.3d at 203. Petitioner's Rule 60(b) motion is nothing more than a request for a hearing so that he can present new or additional evidence or argument so that he can re-litigate claims already decided on the merits. Because his motion "sounds in substance, not procedure," it constitutes a successive petition. *In re Coleman*, 768 F.3d at 372.

To the extent that Petitioner makes a separate claim that he is entitled to relief pursuant to Fed. R. Civ. Proc. 60(b)(3), for fraud on the court, that claim also fails. Petitioner argues that previous counsel for the Director and a state habeas attorney that represented the State committed fraud on the court because they knew that Petitioner's claims had merit (Dkt. #38, pages 19, 21). But this fraud on the court claim does not meet the requirements of Fed. R. Civ. Proc. 60(b)(3). "One who asserts that an adverse party has obtained a verdict through fraud, misrepresentation or other misconduct has the burden of proving the assertion by clear and convincing evidence." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978) (citing *Saenz v. Kenedy*, 178 F.2d 417, 419 (5th Cir. 1949)). The Director persuasively argues that Petitioner's claim of fraud is nothing more than a conclusory statement. It does not entitle him to 60(b) relief. *See Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982) ("Mere conclusory statements do not raise a constitutional issue in a habeas case.").

In conclusion, Petitioner's motion for relief from judgment is actually an unauthorized second or successive petition. It should be dismissed for lack of subject matter jurisdiction. *Crone v. Cockrell*, 324 F.3d 833, 838 (5th Cir. 2003).

As a final matter, Petitioner has also filed a motion for extension of time to file a notice of appeal (Dkt. 37). He asks that the deadline for filing a notice of appeal be extended until after the resolution of his Rule 60(b) motion. He correctly observes that the motion is governed by Fed. R. App. P. 4. The rule specifies that "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion," including a Rule 60 motion "filed no later than 28

days after the judgment is entered." Fed. R. App. P. 4(a)(4)(A)(vi). Petitioner does not need an order extending the deadline under the Rule. The motion, therefore, should be denied. It is accordingly

**ORDERED** that Petitioner's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(Dkt. #38) is construed as an unauthorized second or successive petition and **DISMISSED** for lack of subject matter jurisdiction. It is further

**ORDERED** that Petitioner's motion for extension of time to file notice of appeal (Dkt. #37) is **DENIED**. It is finally

**ORDERED** that all motions not previously ruled on are **DENIED**.

**SIGNED this the 25th day of July, 2019.**

*[signature: Richard A. Schell]*

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE