IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| Shahram Shakouri § | | |
|    Petitioner, § | | |
| § | | |
| v. § | | Civil Action NO. |
| § | | 4:15-CV-447-ALM-KPG |
| § | | |
| Lorie Davis, Director, Texas § | | |
| Department of Criminal Justice § | | |
| Institutional Division § | | |
|    Respondant. § | | |

\* \* \*   NOTICE OF APPEAL   \* \* \*

Petitioner Shahram SHakouri hereby objects to dismissal of his §2254 petition, and the Court's decision to deny him a certificate of appealability. He is appealing to the Court of Appeals for the Fifth Circuit to accord him a COA pursuant to 28 U.S.C. §2253.

BACKGROUND

Petitioner filed his §2254 Petition on July 1, 2015. The district court denied said petition on September 24, 2018. Petitioner filed a motion for relief from the judgment (D.E.38) on October 18, 2018. The Director filed a response (D.E.46). Petitioner filed a reply (D.E.50) on May 28, 2019. The Court denied Petitioner's Rule 60(b) motion on July 25, 2019. This notice is timely filed.

REASONS FOR FILING NOTICE OF APPEAL

Petitioner contends that the decision of the district court to deny and dismiss his §2254 Petition with prejudice, is not supported by the record in part, See (D.E.32), it is not a reasonable application of Supreme Court precedents, and the Court egregiously misapplied settled State law. See notes 10,

11, and 14 in this document.

More fundamentally, in regard to some of the key issues raised in Petitioner's pleadings, the district court simply ignored the issues. For instance, even though Brady violation was the cornerstone of Petitioner's claim, and the heartland of the Due Process Clause of the Fourteenth Amendment was at stake, the district court ignored the overwhelming weight of evidence in the record establishing that the State tricked the jury into returning a tainted verdict based entirely on perjured testimony and manufactured evidence. See **Miller v. Pate**, 87 S.Ct. 785.

The court further failed to consider that:

(1) The result of proceeding would have been different, absent nondisclosure of material evidence. See **U.S. v. Bagley**, 105 S.Ct. 3375;

(2) The nondisclosed evidence was highly relevant to credibility of complainant and her ulterior motives. The Supreme Court has established that "evidence that impeaches the credibility of a government witness whose testimony may be determinative of guilt or innocence may not be suppressed. See Giglio, 405 U.S. 154;

(3) Had the State disclosed the suppressed evidence, there was a strong possibility that at least ONE juror would have harbored reasonable doubt;

(4) Under Brady, even if the State and a witness have not made an explicit agreement, the State is required to disclose to the defense any evidence implying an agreement or an understanding. See **Browning v. Baker**, 875 F.3d 444 (9th Cir. 2017);

(5) The State had an ethical obligation to disclose to the defense that it made an agreement with the Complainant to appoint her boyfriend (M.M.) as her interpreter in her daily dealings with the prosecution, that M.M. in his post trial affidavit has revealed that the complainant committed perjury at trial, planted evidence, that she confessed to being a con artist;

(2)

(6) The pivotal question before the district court was whether M.M.'s withheld statements were material to the determination of Petitioner's guilt. The Supreme Court has explained that: "Evidence is material within the meaning of Brady when there is a reasonable probability that, had the evidence been disclosed the result of proceeding would have been different." See **Smith v. Cain**, 132 S.Ct. 627 (2012);

(7) Under Brady, prosecutors are responsible for disclosing "evidence that is both favorable to the accused and material either to guilt or to punishment." 105 S.Ct. 3375. The failure to turn over such evidence violates due process. See **Weary v. Cain**, 136 D.Ct. 1002, 1006 (2016);

(8) The post trial discoveries have established that the [Complainant's] false testimony was clearly designed to substantially effect the outcome of the case. See **U.S. v. Como**, 53 F.3d 87, 90 (5th Cir. 1995);

(9) Petitioner is entitled to a COA because the State did not disclose to the tribunal evidence that tends to negate the guilt of Petitioner, nor did the State disclose exculpatory and impeachment evidence. See **Strickler v. Greene**, 119 S.Ct. 1936;

(10) Contrary to the district court's findings, the Court of Criminal Appeals and the U.S. Supreme Court's precedents does not support the district court's conclusion that "because the prosecution did not know that the victim's statements were false, Petitioner failed to demonstrate a due process violation." Instead, the precedent confirms that even unknowing use of false testimony violates due process. See U.S. v. **Agurs**, 96 S.Ct. 2392, See also **Ex Parte Chabot**, 300 S.W.3d 768 (Tex.Cr.App.2009);

(11) The Court of Criminal Appeals has established: "A knowing use of such evidence [false testimony] is no longer needed as even an unknowing use of such evidence violates a defendant's due process." **Ex Parte Chavez**, 371 S.W.3d 200 (Tex.Cr.App.2012), and the Supreme Court has established that "a State

court's interpretation of State law... binds a federal court sitting in habeas corpus." Paredes v. Quarterman, 574 F.3d 281, 291 (5th Cir. 2009) (quoting Bradshaw v. Richey, 126 S.Ct. 603 (2005).

Thus, the C.C.A.'s interpretation of Texas law that "even unknowing use of flase testimony violates a defendant's due process," was binding on the federal district court. The district court's contradictive conclusion is misapplication of well-settled State law, and a violation of Petitioner's constitutional right to due process of law.

(12) A failure to file a motion to suppress that is based on lack of knowledge of the rules of evidence, due to counsel's misunderstanding and knowledge of the law..., can satisfy Strickland's deficiency prong." See Kimmelson v. Morrison, 106 S.Ct. 2574;

(13) Even assuming a sexual assault, without an "imminent" and non-conditional threat to cause a complainant death or serious harm a defendant is guilty of only non-aggravated sexual assault;

(14) Contrary to the district court's findings, the record does not support the conclusion that Petitioner's trial counsel failed to request a lesser-included instruction for "strategic reasons." Instead, the record shows only that trial counsel misunderstood Texas law with regard to being entitled to a lesser-included instruction;

(15) Trial counsel failed to demand that the State make an election as to the specific offense upon which it would rely for conviction. His failure allowed the trial court to provide the jury with an unconstitutional charge at guilt-innocence;

(16) A Unanimous jury verdict ensures that the jury agrees on the factual elements underlying an offense... the unanimity is undercut when a jury risks convicting the defendant on different acts, instead of agreeing on the same

act for conviction. See *Schad v. Arizona*, 501 U.S. 624.

(17) Counsel failed to conduct an investigation, not because of any strategic calculation but due to dereliction of duty. See *Rompilla v. Beard*, 125 S.Ct. 2456;

(18) Counsel was ineffective because he failed to (i) object to introduction of planted evidence under Rule 404(b); (ii) object to prosecutor's remarks about Petitioner's prior domestic violence charge at trial; (iii) object to the State's illegal acquisition of Petitioner's e-mails; (iv) request an application on lesser-included offense of second degree sexual assault; and finally

(19) Petitioner's wrongful conviction was the product of prosecutorial misconduct and fraud on the Court.

In light of the foregoing, Petitioner prays that the Appellate Court will review his pending brief liberally, will reverse the judgment of the district court and will issue a certificate of appealability or any other relief to which Petitioner may be entitled.

Respectfully Submitted,

*/s/ Shahram Shakouri*

Shahram Shakouri
Petitioner Pro Se
Stevenson Unit
1525 F.M. 766
Cuero, Texas 77954

## VERIFICATION

I, Shahram Shakouri, TDCJ-ID # 1558021, do verify that the foregoing facts are true and correct under the penalty of perjury.

*[signature]*

Shahram Shakouri
Petitioner Pro Se

## CERTIFICATION OF SERVICE

I, Shahram Shakouri, TDCJ-ID # 1558021 do certify that the Respondant's attorney has been notified that Petitioner has filed this notice of appeal.

*[signature]*

Shahram Shakouri
Petitioner Pro Se